UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN TIESZEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EBAY, INC., LG CHEM LTD, LG CHEM AMERICA, INC., VAPAH, INC., and the FIRST DOE THROUGH THIRTIETH DOE, inclusive,<br><br>　　　　Defendants. | CIV.21-4002<br><br>NOTICE<br>OF<br>REMOVAL |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

YOU ARE HEREBY NOTIFIED that Defendant LG Chem America, Inc. ("LGCAI"), pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, and without waiver of any defenses, hereby removes this action, previously pending in the State of South Dakota Second Judicial Circuit Court for the County of Minnehaha, as Case No. 49CIV20-003309, to the United States District Court for the District of South Dakota, Southern Division, on the following grounds:

**I.    COMMENCEMENT OF THE ACTION.**

1.    On December 1, 2020, Plaintiff Ryan Tieszen filed a Complaint in the State of South Dakota Second Circuit Court for Minnehaha County, Case No. 49CIV20-003309. A true and correct copy of Plaintiff's Complaint is attached to this notice as Exhibit A.

2.    Plaintiff alleges he was injured by "two LG lithium-ion 18650 batteries" that he allegedly purchased on-line from eBay, Inc., on or about August 6, 2016. Compl. ¶ 11.

3.    Pursuant to 28 U.S.C. § 1446(c)(3), this diversity action is removed within 30 days of service of the Summons and Complaint upon Defendant LGCAI.

4. Pursuant to 28 U.S.C. § 1446(c)(1), this diversity action is removed within less than one year after the action was commenced.

5. Venue is proper in the United States District Court for the District of South Dakota, Southern Division, as the district and division embracing the place where the action is pending. *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a).

## II. THE JURISDICTIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

6. Removal is proper pursuant to 28 U.S.C. § 1441(b) because this Court has subject matter jurisdiction over this action on the basis that diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship Exists.

7. At all times relevant to this action, Plaintiff was and is a citizen of Sioux Falls, Minnehaha County, State of South Dakota. Complaint ¶ 1.

8. A corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

9. Defendant LG Chem, Ltd. ("LG Chem") is a South Korean company with its headquarters and principal place of business in Seoul, South Korea.

10. Defendant LG Chem America, Inc. ("LGCAI") is a Delaware-incorporated entity with its principal place of business in the State of Georgia. Compl. ¶ 6.

11. Defendant eBay, Inc. is a corporation organized under the laws of the State of California, with its principal place of business in San Jose, California. Compl. ¶ 2.

12. Defendant Vapah, Inc. is a corporation organized under the laws of the State of Georgia, with its principal place of business in Monroe, Georgia. Compl. ¶ 4.

13. The citizenship of "Doe" defendants is irrelevant in determining whether diversity jurisdiction exists for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is

removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14. Based on the foregoing, diversity of citizenship exists as required by 28 U.S.C. § 1332.

**B.  The amount in controversy exceeds $75,000.**

15. Plaintiff seeks recovery for "serious and substantial injuries, including but not limited to, medical expenses, past and future, lost wages, and conscious pain and suffering, as well as permanent disability and disfigurement, and loss of enjoyment of life," costs and disbursements, and "other and further relief as the court determines to be just and proper." Compl. ¶ 110, Prayer for Relief.

16. Where, as here, Plaintiff has not specifically alleged an amount in controversy greater than $75,000 to satisfy the jurisdictional threshold of 28 U.S.C. § 1332(a), a defendant may assert such amount in controversy in its notice of removal. *See* 28 U.S.C. § 1446(c)(2). The jurisdictional threshold is satisfied by the defendant's assertion of the amount in controversy if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1446(c)(2)(B).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and if made in good faith, defendant's allegation is accepted to satisfy the jurisdictional threshold for the amount in controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554.

18. Here, LGCAI has a good faith basis to believe, based solely upon the allegations of Plaintiff's Complaint, that the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, while denying liability and without waiving any defenses, LGCAI asserts and alleges in good faith that the amount in controversy exceeds $75,000.

19.     Based on the foregoing—while LGCAI denies liability and reserves the right to assert any and all defenses—the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332.

### III.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

20.     Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely being filed within 30 days after receipt by Defendant LGCAI, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based.

21.     To the best of Defendant LGCAI's knowledge, at the time of the filing of this Notice of Removal, Defendant eBay, Inc. is the only other named defendant that has been served. Attached hereto as Exhibit B is a copy of the electronic docket from Minnehaha County Circuit Court that relates to this matter as of January 4, 2021, the date of filing this Notice of Removal.

22.     Defendant eBay, Inc., through its counsel of record, has consented to the removal of this action. Attached hereto and incorporated herein by reference as Exhibit C is Defendant eBay, Inc's Consent to Removal. It is settled Eighth Circuit law that "[W]here there are multiple defendants, all must join in a [notice] to remove within thirty days of service." *Christiansen v. West Branch Community School District*, 674 F.3d 927, 932 (8th Cir. 2012), citing *Thorn v. Amalgamated Transit Union*, 304 F.3d 826, 833 (8th Cir. 2002). In addition, in the Eighth Circuit, "it is not necessary for all defendants to actually sign the notice of removal so long as there is 'some timely filed written indication from each served defendant . . . that the defendant has actually consented to the removal.'" *Christiansen*, 674 F.3d at 932, quoting *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). Therefore, it is clear that it is not necessary for LGCAI to obtain the consent of the other entities named as defendants in this action at this time. All defendants that are served and enter appearances in this matter will have the opportunity to file written consent to the removal within thirty days of service on that defendant. *Marano Enterprises v. Z-Teca Restaurants, LP*, 254 F.3d 753, 755-757 (8th Cir. 2001). Failure of the non-removing defendants (which have not yet been served) to join or consent to the removal of this case does not render

LGCAI's removal petition improper.

23.     Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, orders, and other documents served on Defendant LGCAI by Plaintiff are attached hereto.  *See* Exhibit A.

24.     In accordance with 28 U.S.C. § 1446(d), LGCAI will promptly file a copy of this Notice of Removal with the State of South Dakota Second Judicial Circuit Court for the County of Minnehaha, and serve a copy of the same on counsel for all parties.

25.     LGCAI reserves any and all rights to assert any and all defenses and objections, including the defense of lack of personal jurisdiction.  LGCAI intends to contest personal jurisdiction in Plaintiff's case and will timely file a motion to dismiss.  The removal of a case by a defendant pursuant to 28 U.S.C. § 1332 does not constitute a waiver of the defense of personal jurisdiction by the removing defendant.  *WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1186 (D. Nev. 2010) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

26.     WHEREFORE, Defendant LGCAI prays that the above-entitled action be removed from the State of South Dakota Second Judicial Circuit Court for the County of Minnehaha, to the United States District Court for the District of South Dakota, Southern Division.

Dated this 4 day of January, 2021.

CADWELL SANFORD DEIBERT
& GARRY, LLP

By: _____
Stephen C. Landon
200 East 10th Street, Suite 200
Sioux Falls, SD  57104
(605) 336-0828
slandon@cadlaw.com
Attorneys for Defendant LG
Chem America, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served upon the parties hereto as follows:

Steven Siegel
Heidepriem, Purtell, Siegel & Hinrichs, LLP
101 West 69th Street, Suite 105
Sioux Falls, SD 57108
Steve@hpslawfirm.com

Steven J. Oberg
Lynn, Jackson, Shultz & Lebrun, PC
110 N. Minnesota Ave., Suite 400
Sioux Falls, SD 57104
soberg@lynnjackson.com

by email and by first class United States mail, postage prepaid, this 4 day of January, 2021.

_____
Stephen C. Landon

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ryan Tieszen

### DEFENDANTS
Ebay, Inc.; LG Chem Ltd.; LG Chem America, Inc.; Vapah, Inc.; and the first DOE through thirtieth

**(b)** County of Residence of First Listed Plaintiff: Sioux Falls, South Dakota
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Jose, California
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven Seigel, Heidepriem Purtel Siegel & Hinrichs
101 W. 69th ST, Ste. 105, Sioux Falls, SD 57108
605-679-4470

Attorneys *(If Known)*
Stephen Landon, Cadwell Sanford Deibert & Garry, LLP
200 E. 10th #200, Sioux Falls, SD 57104 605-336-0828

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [x] 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1446

Brief description of cause:
Product liability action removed pursuant to diversity of citizenship

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ N/A

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: January 4, 2021
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____