UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RYAN TIESZEN,<br><br>            Plaintiff,<br><br>     vs.<br><br>EBAY, INC., LG CHEM LTD., LG CHEM AMERICA, INC., VAPAH, INC., and the FIRST DOE through THIRTIETH DOE, inclusive,<br><br><br>            Defendants. | 4:21-CV-04002-KES<br><br><br>ORDER GRANTING DEFENDANT LG CHEM AMERICA INC.'S MOTION TO DISMISS AND DENYING DEFENDANT LG CHEM, LTD.'S MOTION TO DISMISS |

Plaintiff, Ryan Tieszen, filed this suit in the State of South Dakota Second Circuit Court for Minnehaha County. Docket 1-1. Defendants include eBay, Inc., LG Chem, Ltd. (LG Chem), LG Chem America, Inc. (LGCAI), Vapah, Inc., and DOES 1 through 30. *Id.* LGCAI removed the matter to federal court under 28 U.S.C. §§ 1332, 1441(b), and 1446. Docket 1. LGCAI and LG Chem each move to dismiss this action for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dockets 14, 29. Tieszen opposes both motions. Dockets 20, 38.

## FACTUAL BACKGROUND

Tieszen is a resident of the state of South Dakota. Docket 1-1 ¶ 1. Tieszen alleges that he was injured by two LG 18650 lithium-ion batteries that were purchased from Vapah, a third-party Seller on eBay's online commerce

platform, for use in his e-cigarette device. *Id.* ¶¶ 2, 11, 15. The batteries "burst into flames" in his pocket on December 14, 2017, causing first and second-degree burns to his right thigh. *Id.* ¶¶ 12, 15.

LG Chem is a business entity headquartered in Seoul, South Korea. Docket 1 ¶ 9; Docket 1-1 ¶ 5. LG Chem manufactures 18650 lithium-ion battery cells. Docket 30. LGCAI is incorporated in Delaware with its principal place of business in Atlanta, Georgia. Docket 1 ¶ 10; Docket 1-1 ¶ 6. LGCAI sells and distributes petrochemical materials and products. Docket 15 at 2. Tieszen alleges both LG Chem and LGCAI were in the business of designing, manufacturing, marketing, and distributing the 18650 lithium-ion batteries that caused his injuries. Docket 1-1 ¶ 34.

LG Chem and LGCAI state they have never conducted business with eBay or Vapah. Dockets 15, 30. LG Chem contends that the type of battery at issue is manufactured by LG Chem for "specific applications by sophisticated companies." Docket 31 ¶ 19. LG Chem denies having sold or authorized any distributor, retailer, or re-seller to sell any lithium-ion cells as "standalone, removable batteries in e-cigarette devices or for any other purpose." *Id* ¶¶ 24-25.

LGCAI declares it has never designed, manufactured, advertised, or sold any lithium-ion battery for use by "individual consumers as standalone, removable batteries." Docket 15 at 2. LGCAI has no manufacturing plants in South Dakota and focuses on sales and distribution of petrochemical materials and products. *Id.* LG Chem and Tieszen submitted supplemental briefs

2

regarding the United States Supreme Court decision in *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) and its implication on questions of personal jurisdiction. Dockets 41, 42.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss a claim for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "To survive a motion to dismiss, a plaintiff need make only a prima facie case that personal jurisdiction exists." *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 911 (8th Cir. 2014) (citing *Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.,* 65 F.3d 1427, 1431 (8th Cir. 1995)). But when personal jurisdiction is challenged by a defendant's affidavits and motions, the plaintiff bears the burden of proving jurisdiction by the same means, not mere allegations of the complaint. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072-73 (8th Cir. 2004).

The jurisdiction of federal courts is ordinarily determined by laws of the state in which the court is located. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). South Dakota law specifies that a person is subject to jurisdiction of state courts through "any act, the basis of which is not inconsistent with the Constitution . . . ." SDCL § 15-7-2(14). Thus, the relevant inquiry is whether the exercise of South Dakota's long-arm statute to impose this court's jurisdiction comports with federal due process. *See id.* Due process requires a defendant have "certain minimum contacts with [the State] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial

justice.' " *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Mayer*, 311 U.S. 457, 463 (1940)).

The Supreme Court has recognized two types of personal jurisdiction: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford*, 141 S. Ct. at 1024. General jurisdiction is established when a defendant is "essentially at home" in the state. *Id.* A corporation's place of incorporation and principal place of business are "paradigm" forums in all but "exceptional case[s]." *Id.* In the case of large national or global corporations, the standard is not merely "doing business" within a forum state, which would render those defendants "at home" everywhere they operate, but is based on claims having a connection to the forum State. *See Daimler*, 571 U.S. at 139 n.20 (2014).

Specific jurisdiction covers a narrower class of claims and requires the defendant to take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford*, 141 S. Ct. at 1024 (alteration in original) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.' " *Id.* at 1025 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). The contacts must show the defendant engaged in deliberate activity to exploit the forum state's market or enter a contractual relationship centered in the forum state. *Id.* (citing *Walden v. Fiore*, 571 U.S.

4

277, 285 (2014)). Because the defendant is not "at home" in the forum state though, there needs to be a showing that the plaintiff's claims " 'arise out of or relate to the defendant's contacts' with the forum." *Id.* (*quoting Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1780 (2017)).

The Eighth Circuit employs a five-factor, totality of the circumstances test to determine whether specific jurisdiction exists. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). Under that test, the court analyzes: "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Id.* (alteration in original) (quoting *Whaley v. Esebag*, 946 F.3d 447, 452 (8th Cir. 2020)). The first three factors are of "primary importance," while the last two are of less importance and not dispositive. *Id.*

## DISCUSSION

### I.   General Jurisdiction

#### A.   LGCAI

LGCAI argues that there is no basis for this court to exercise general jurisdiction over it. Dockets 14, 15 at 4. Conversely, Tieszen contends that this court can exercise general jurisdiction over LGCAI. Docket 20 at 4. Tieszen concedes that LGCAI is not incorporated in South Dakota, nor does LGCAI have its principal place of business in South Dakota. *Id.* at 5. But Tieszen argues that LGCAI's "operations in South Dakota are apparent, extensive, and

exceptional" such that LGCAI is essentially at home in South Dakota. *Id.* (emphasis omitted); *see also BNSF Ry. Co. v. Tyrell*, 137 S.Ct. 1549, 1558 (2017) (noting that the exercise of general jurisdiction is not limited to a defendant's place of incorporation and principal place of business, but "in an exceptional case, a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." (internal quotations omitted)).

Here, it is uncontested that LGCAI is incorporated in Delaware and has its principal place of business in Georgia. Docket 1-1 ¶ 6. Thus, the only question is whether this is an "exceptional case" where LGCAI's operations in South Dakota render it essentially at home in the state. *See BNSF*, 137 S.Ct. at 1558. LGCAI submitted an affidavit of HyunSoo Kim, the Compliance Manager and authorized representative for LGCAI, in support of its motion to dismiss for lack of personal jurisdiction. Docket 16. Kim asserts that LGCAI is not registered to do business in South Dakota and does not have a registered agent for service of process in South Dakota. *Id.* ¶ 4. Additionally, Kim states that LGCAI does not have physical office space, does not have any employees, and does not own or lease any real property in South Dakota. *Id.* ¶¶ 5-6. LGCAI's operations in South Dakota are limited to the sale of petrochemical materials and products. *Id.* ¶ 15. Tieszen argues that the sale of these petrochemical materials and products to South Dakota consumers generate unknown amounts of revenue for LGCAI. Docket 20 at 5. Tieszen also contends that "LGCAI's products are used as components to a variety of products that are

6

sold in South Dakota to South Dakota citizens[,]" and "the products which utilize LGCAI's materials [are] bought and utilized by a large number of South Dakotans, and especially, [Tieszen]." *Id.* at 6. Tieszen did not submit any affidavits or exhibits to controvert Kim's affidavit. Instead, Tieszen relies on his compliant and Kim's affidavit for his contentions. *Id.* at 5-6.

Given the evidence before the court, Tieszen fails to carry his burden to show that LGCAI is subject to general jurisdiction in South Dakota. Other than conclusory allegations in the complaint, Tieszen did not submit any evidence to establish that LGCAI is essentially at home in South Dakota. *See Dever*, 380 F.3d at 1072-73 (holding that once a defendant contests personal jurisdiction, the plaintiff's prima facie showing must be tested by affidavits and exhibits, and mere conclusory statements in the complaint will not suffice). LGCAI has no office space or employees in South Dakota, does not own or lease real property in South Dakota, is not registered to do business in South Dakota, and does not have a registered agent for service of process in South Dakota. Docket 16. On these facts, LGCAI cannot be said to be "at home" in South Dakota. Thus, the court finds that LGCAI is not subject to general jurisdiction in South Dakota.

### B.     LG Chem

LG Chem argues that there is no basis for this court to exercise general jurisdiction over it. Docket 30 at 6-7. Tieszen contends that this court has an adequate basis to assert general jurisdiction over LG Chem. Docket 38 at 4-8. As with LGCAI, Tieszen concedes that LG Chem is not incorporated in South

Dakota nor is its principal place of business in South Dakota. *Id.* at 5. But Tieszen argues that "LG Chem's operations in South Dakota are apparent, extensive, and exceptional" such that it is essentially at home in South Dakota. *Id.* at 5-6; *see also BNSF*, 137 S.Ct. at 1558.

It is uncontested that LG Chem is a Korean company with its principal place of business in Seoul, South Korea. Docket 31 ¶ 7. Thus, the question is whether this is an "exceptional case" where LG Chem's operations in South Dakota are so extensive that they render LG Chem essentially at home in South Dakota. *BNSF*, 137 S.Ct. at 1558. In support of its motion to dismiss, LG Chem submitted an affidavit of Wonbae Baek, a former sales professional with LG Chem. Docket 31 ¶ 5. Baek is now employed with LG Energy Solution, Ltd. (LGES), which is a "spin-off of LG Chem, Ltd.'s battery division." *Id.* ¶ 4. LGES is now in possession of LG Chem's business records concerning the design, manufacture, distribution, and sale of 18650 lithium-ion battery cells. *Id.* ¶ 6. Baek states that, as of November 30, 2020, LG Chem did not have an office in South Dakota, was not registered to do business in South Dakota, did not have a registered agent for service of process in South Dakota, did not own or lease any real property in South Dakota, and did not have any employees in South Dakota. *Id.* ¶¶ 8-11. Baek declares that he has no reason to believe that any of that information has changed since November 30, 2020. *Id.* ¶ 13. Tieszen relies on his complaint for the proposition that LG Chem is doing extensive business in South Dakota. Docket 38 at 5. Tieszen did not submit any affidavits or exhibits to controvert Baek's affidavit.

8

Here, LG Chem's operations are not so extensive that LG Chem is rendered essentially at home in South Dakota. Accepting the allegations in the complaint as true, LG Chem sells and distributes LG lithium-ion batteries in South Dakota. Docket 1-1 ¶ 5; *see also* Docket 38 at 8. But Tieszen did not present any evidence to controvert Baek's affidavit that LG Chem does not have an office in South Dakota, is not registered to do business in South Dakota, does not have a registered agent for service of process in South Dakota, does not own or lease any real property in South Dakota, and does not have any employees in South Dakota. *See Dever*, 380 F.3d at 1072-73 (holding that once a defendant contests personal jurisdiction, the plaintiff's prima facie showing must be tested by affidavits and exhibits, and mere conclusory statements in the complaint will not suffice). Tieszen's formulation of general jurisdiction in this case calls for the "doing business" test for general jurisdiction specifically rejected in *Daimler*. 571 U.S. at 139 n.20. This is not an "exceptional case" where LG Chem is essentially at home in South Dakota. *BNSF*, 137 S.Ct. at 1558. Thus, this court finds that LG Chem is not subject to general jurisdiction in South Dakota.

## II.     Specific Jurisdiction

### A.     LGCAI

LGCAI contends that the court lacks specific jurisdiction over it. Docket 15 at 5. Tieszen argues that this court has an adequate basis to exercise specific jurisdiction over LGCAI because LGCAI has extensive operations in South Dakota, and Tieszen's claims arise out of or relate to those operations.

9

Docket 20 at 8-9. The court will address whether LGCAI is subject to specific jurisdiction in South Dakota under the Eighth Circuit's five-factor test.

The first factor for the court to consider is the nature and quality of LGCAI's contacts with South Dakota, and the second factor is the quantity of those contacts. *Kaliannan*, 2 F.4th at 733. Here, Tieszen contends that "LGCAI's operations in South Dakota are extensive, and are focused primarily on sales and distributions of petrochemical materials and products." Docket 20 at 8. Tieszen alleges that those products are used in a variety of consumer products bought and sold in South Dakota, including the type of LG lithium-ion battery that injured Tieszen. *Id.* Tieszen relies on the allegations in his complaint for the assertion that LGCAI's products are used in LG lithium-ion batteries. *See id.* LGCAI, in the affidavit of HyunSoo Kim, contends that its contacts in South Dakota are limited to selling and distributing petrochemical products "including ABS resin, Engineered Plastic (EP), Rubbers, Acrylate, Super Absorbent Polymer (SAP), and Specialty Polymers." Docket 16 ¶ 10. "LGCAI's sales in . . . South Dakota are exclusively limited to petrochemical materials and products; it does not generate any other revenue in South Dakota." *Id.* ¶ 15. The first and second factors weigh in favor of Tieszen because he has established that LGCAI has numerous contacts with South Dakota, and those contacts "were not random, fortuitous, or attenuated, but rather were central to an alleged scheme to purposely avail [itself] of the privilege of conducting activities in [South Dakota]." *Kaliannan*, 2 F.4th at 734 (cleaned up) (quoting *Whaley*, 946 F.3d at 452).

The third factor to consider is the relation of the cause of action to LGCAI's contacts in South Dakota. *Id.* at 733. This factor is crucial for the exercise of specific jurisdiction because "[Tieszen's] claims . . . 'must arise out of or relate to [LGCAI's] contacts' with the forum." *Ford*, 141 S.Ct. at 1025 (quoting *Bristol-Meyers*, 137 S.Ct. at 1780). Here, Tieszen contends that his causes of action "are closely related or even directly linked to LGCAI's contacts with South Dakota." Docket 20 at 9. Tieszen argues that LGCAI sells and distributes petrochemicals that are used in LG lithium-ion 18650 batteries, which is the same kind of battery that allegedly injured Tieszen. *Id.* Tieszen points to his complaint and Kim's affidavit to support his contentions. *Id.* LGCAI denies Tieszen's allegations. Docket 26 at 6. Kim's affidavit states that LGCAI primarily sells and distributes petrochemical materials and products, and it "has never designed, manufactured, distributed, advertised, or sold any lithium-ion cell for use by individual customers as standalone, removable batteries." Docket 16 ¶¶ 10-11. LGCAI also asserts that it has never authorized any manufacturer, distributor, wholesaler, retailer, re-seller, or other entity—including eBay or Vapah—to advertise, distribute, or sell LG 18650 lithium-ion batteries. *Id.* ¶¶ 13-14.

As with his arguments for the exercise of general jurisdiction, Tieszen did not submit any affidavits or exhibits to controvert LGCAI's claims. Tieszen cannot rely solely on the pleadings to establish specific jurisdiction; he must specifically controvert LGCAI's affidavit either with affidavits or exhibits of his own. *See Dever*, 380 F.3d at 1072-73. After considering Kim's affidavit, Tieszen

fails to establish that his claims arise out of or are related to LGCAI's contacts with South Dakota. Kim's affidavit establishes that LGCAI sells and distributes petrochemical materials and products in South Dakota but does not have any involvement with LG lithium-ion batteries. Docket 16 ¶¶ 10-15. Tieszen's claims center around a malfunctioning LG lithium-ion 18650 battery that caused his injuries. *See* Docket 1-1. Tieszen fails to connect LGCAI's sale and distribution of petrochemical materials and products to his claim that the batteries malfunctioned. Thus, the third factor weighs in favor of LGCAI. This court cannot exercise specific jurisdiction over LGCAI where Tieszen's claims do not "arise out of or relate to [LGCAI's] contacts with the forum." *Ford*, 141 S.Ct. at 1025 (cleaned up) (quoting *Bristol-Meyers*, 137 S.Ct. at 1780).

The fourth and fifth factors—the interest of the forum state in providing a forum for its residents and convenience of the parties—weigh in favor of Tieszen. *Kaliannan*, 2 F.4th at 733. Tieszen is a South Dakota resident and his injuries occurred in South Dakota. Docket 1-1 ¶¶ 1, 12. South Dakota has an interest in providing a forum for its residents who are injured in the state by defective products. South Dakota is also the most convenient forum as Tieszen lives in South Dakota, the injuries occurred in South Dakota, and potential witnesses are likely located in South Dakota. Although LGCAI is not a resident of South Dakota, it has a national presence and already conducts business in South Dakota. While the fourth and fifth factors weigh in favor of Tieszen, they are not dispositive. *Kaliannan*, 2 F.4th at 733.

Because Tieszen cannot carry his burden to prove that his claims arise out of or relate to LGCAI's contacts with South Dakota, this court cannot exercise specific jurisdiction over LGCAI. Thus, LGCAI's motion to dismiss for lack of personal jurisdiction is granted.

### B.    LG Chem

LG Chem contends that this court lacks specific jurisdiction over it. Docket 30 at 7-10. Conversely, Tieszen argues that this court has an adequate basis to exercise specific jurisdiction over LG Chem. Docket 38 at 8-11. As with LGCAI, this court will determine whether it can exercise specific jurisdiction over LG Chem under the Eighth Circuit's five-factor test.

The first factor to consider is the nature and quality of LG Chem's contacts with South Dakota. *Kaliannan*, 2 F.4th at 733. Viewed in the light most favorable to the nonmoving party, Tieszen alleges that LG Chem conducts business in South Dakota, including the sale and distribution of LG lithium-ion batteries, including but not limited to the LG lithium-ion batteries purchased by Tieszen that are the subject of this lawsuit. Dockets 1-1 ¶ 5, 38 at 9; *see also Pangea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (noting that the court must look at the facts in the light most favorable to the nonmoving party and resolve factual disputes in favor of the nonmoving party). LG Chem does not explicitly deny that it does business in South Dakota or that it sells lithium-ion batteries in South Dakota; rather, LG Chem states that it "manufactured 18650 lithium-ion battery cells for use in specific application by sophisticated companies." Docket 31 ¶ 19. LG Chem contends

that it never sold or authorized anyone else to sell standalone 18650 lithium-ion battery cells to individual customers. *Id.* ¶¶ 20-21. LG Chem focuses on whether it purposefully availed itself of a market in South Dakota for standalone 18650 lithium-ion batteries sold to individual consumers rather than whether it purposefully availed itself generally of a market in South Dakota. Docket 41 at 2-4. Viewing these facts in the light most favorable to Tieszen, the court finds that LG Chem does business in South Dakota and sells LG 18650 lithium-ion batteries in South Dakota. Even if the specific batteries that are the subject of this litigation arrived in South Dakota via third-party intermediaries, LG Chem has still exploited the market in South Dakota for 18650 lithium-ion batteries in general. Put another way, LG Chem has taken "some act by which [it] purposefully avail[ed] itself of the privilege of conducting activities within [South Dakota]." *Ford*, 141 S.Ct. at 1024-25 (first alteration in original) (quoting *Hanson*, 357 U.S. at 253). Thus, the first factor weighs in favor of Tieszen.

The second factor to consider is the quantity of LG Chem's contacts. *Kaliannan*, 2 F.4th at 733. At this stage in the litigation, the quantity of LG Chem's contacts with South Dakota is unclear because Tieszen has not had the opportunity to engage in discovery. *See* Docket 38 at 9. LG Chem does not mention the quantity of its contacts in South Dakota in its briefs or in Baek's affidavit. Thus, this factor does not weigh in favor of either party.

The third factor to consider is the relation of Tieszen's causes of action to LG Chem's contacts in South Dakota. *Kaliannan*, 2 F.4th at 733. As previously

mentioned, this factor is crucial to a finding of specific jurisdiction. *See Ford*, 141 S.Ct. at 1025. LG Chem first argues that Tieszen's claim does not arise out of and is not related to LG Chem's contacts with South Dakota because "[its] contact with the forum State must involve the precise product at issue." Docket 41 at 4. LG Chem notes that the precise product at issue in this case is an industrial 18650 lithium-ion battery cell, not every model of lithium-ion cell manufactured by LG Chem. *Id.* at 5. But as noted above, Tieszen alleges that: (1) LG Chem sells and distributes 18650 lithium-ion cell batteries in South Dakota, (2) Tieszen purchased such a battery online while in South Dakota, and (3) Tieszen was injured by an 18650 lithium-ion cell battery in South Dakota. Docket 1-1 ¶¶ 5, 11-16; Docket 42 at 5. Thus, Tieszen's claim and LG Chem's contact with South Dakota both revolve around the 18650 lithium-ion battery.

LG Chem next contends Teiszen's claim does not arise out of and is not related to LG Chem's contacts with South Dakota because LG Chem does not serve a market in South Dakota for standalone, removable consumer batteries. Docket 41 at 5-6. Instead, LG Chem asserts that its "customers are not consumers; they are sophisticated, industrial customers that purchase LG Chem's 18650 lithium-ion cells for use in specific applications, such as power tools, that encase the cells in battery packs with protective circuitry." *Id.* at 6. LG Chem's argument here is relevant to liability, not specific jurisdiction. Tieszen has established a prima facie case here that LG Chem: (1) sells 18650 batteries in South Dakota; (2) Tieszen bought such a battery while in South

15

Dakota; (3) Tieszen is a South Dakota resident; and (4) Tieszen was injured, allegedly by a malfunctioning 18650 battery, in South Dakota. Docket 1-1 ¶¶ 1, 5, 11-16. LG Chem served a market in South Dakota for the very product that Tieszen alleges malfunctioned and injured him in South Dakota even if he was not LG Chem's intended consumer. *Ford*, 141 S.Ct. at 1028. "So there is a strong 'relationship among the defendant, the forum, and the litigation'—the 'essential foundation' of specific jurisdiction." *Id.* (quoting *Helicopteros Nacionales de Colum. v. Hall*, 466 U.S. 408, 414 (1984)). Thus, the third factor weighs in favor of Tieszen.

As was the case with LGCAI, the fourth and fifth factors—interest of the forum state in providing a forum for its residents and convenience of the parties—weigh in favor of Tieszen. Again, South Dakota has an interest in providing a forum for its residents who are injured in South Dakota by products that they purchased online while in South Dakota. Further, South Dakota is the most convenient forum for the parties because Tieszen is a resident of South Dakota, and LG Chem is a global entity that would not be burdened by litigating in South Dakota. Tieszen, on the other hand, would be heavily burdened by having to litigate elsewhere. Thus, the last two factors weigh in favor of Tieszen.

The court finds that LG Chem has purposefully availed itself of the privilege of conducting activities in South Dakota. Tieszen's claims in this case arise out of or relate to LG Chem's contacts in South Dakota. This court finds

that it has specific jurisdiction over LG Chem. Thus, LG Chem's motion to dismiss for lack of personal jurisdiction is denied.

## CONCLUSION

Tieszen has failed to meet the burden of proof necessary for this court to exercise personal jurisdiction, general or specific, over LGCAI. But Tieszen has met his burden of proof necessary for this court to exercise specific jurisdiction over LG Chem.

Thus, it is ORDERED

1.  Defendant LGCAI's motion to dismiss (Docket 14) is granted.

2.  Defendant LG Chem's motion to dismiss (Docket 29) is denied.

DATED this 10th day of September, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE