UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RYAN TIESZEN,<br><br>                    Plaintiff,<br><br>        vs.<br><br>EBAY, INC., LG CHEM LTD., LG CHEM AMERICA, INC., VAPAH, INC., and the FIRST DOE through THIRTIETH DOE, inclusive,<br><br><br>                    Defendants. | 4:21-CV-04002-KES<br><br><br>ORDER GRANTING DEFENDANT EBAY, INC.'S MOTION TO COMPEL ARBITRATION |

Plaintiff, Ryan Tieszen, filed this suit in the State of South Dakota Second Circuit Court for Minnehaha County. Docket 1-1. Defendants include eBay, Inc., LG Chem, Ltd., LG Chem America, Inc (LGCAI), Vapah, Inc., and DOES 1 through 30. *Id.* LGCAI removed the matter to federal court under 28 U.S.C. §§ 1332, 1441(b), and 1446. Docket 1. eBay consented to removal. Docket 3. LGCAI was later dismissed as a named defendant. Docket 47. eBay moves to compel arbitration. Docket 17. Tieszen opposes the motion. Docket 27. For the following reasons, the court grants eBay's motion to compel arbitration.

## FACTUAL BACKGROUND

Tieszen is a resident of the state of South Dakota. Docket 1-1 ¶ 1. eBay is incorporated in California with its principal place of business in San Jose,

California. *Id.* ¶ 2. eBay operates an online marketplace. Docket 18 at 2. It derives a large portion of its sales from third-party vendors because eBay does not own or sell the items listed on its website. *Id.*; Docket 1-1 ¶ 3. In order to create a user account on eBay, a potential user must register on the website and agree to comply with eBay's User Agreement, Privacy Policy, and other policies. Docket 19 ¶ 3. Acceptance of the User Agreement is mandatory for a user to create an eBay account. *Id.* ¶ 12.

eBay's business records indicate that Tieszen created an eBay account under the username "rtieszen." *Id.* ¶ 4; *see also* Docket 19-1 at 1. Tieszen agreed to eBay's User Agreement and Privacy Policy on August 12, 2004. Docket 19 ¶ 4. Tieszen created a second account under the username "rtagent5" on September 30, 2008. *Id.*; *see also* Docket 19-1 at 2. Tieszen was required to affirmatively accept eBay's User Agreement to confirm his registration on his second eBay account. *See* Docket 19 ¶ 11. The 2008 version of the User Agreement would have been in effect when Tieszen registered his second eBay account. *Id.* ¶ 13. The 2008 User Agreement states that eBay "may amend this Agreement at any time by posting the amended terms on this site[,]" and "all amended terms shall automatically be effective 30 days after they are initially posted." Docket 19-2 at 3.

In August 2012, eBay posted an update to the User Agreement concerning dispute resolution between eBay and its users. Docket 19 ¶ 16. eBay notified its users of the change, which went into effect on October 10, 2012. *Id.*; Docket 19-3. In the Introduction section, the 2012 User Agreement

states that it "contains provisions that govern how claims you and [eBay] have against each other are resolved. . . . It also contains an Agreement to Arbitrate . . . unless you opt-out of the Agreement to Arbitrate[.]" Docket 19-4 at 1. Under the Legal Disputes section, the User Agreement provides that Utah law will govern the User Agreement "and any claim or dispute that has arisen or may arise between you and eBay, except as otherwise stated[.]" *Id.* at 7. The Legal Disputes section also states that the user and eBay:

> **[A]gree that any and all disputes or claims that have arisen or may arise between you and eBay shall be resolved exclusively through final and binding arbitration, rather than in court, except that you may assert claims in small claims court, if your claims qualify.** The Federal Arbitration Act governs the interpretation and enforcement of this Agreement to Arbitrate.

*Id.* (bold in original). The 2012 User Agreement also includes an option for a user to opt-out of arbitration, which provides that:

> **You can choose to reject this Agreement to Arbitrate ("opt-out") by mailing us a written opt-out notice ("Opt-Out Notice"). . . . If you are already a current eBay user and previously accepted the User Agreement prior to the introduction of this Agreement to Arbitrate, the Opt-Out Notice must be postmarked no later than November 9, 2012. You must mail the Opt-Out Notice to eBay Inc., c/o National Registered Agents, Inc., 2778 W. Shady Bend Lane, Lehi, UT 84043.**
>
> The Opt-Out Notice must state that you do not agree to this Agreement to Arbitrate and must include your name, address, and the user ID(s) and email address(es) associated with the eBay account(s) to which the opt-out applies. You must sign the Opt-Out Notice for it to be effective. This procedure is the only way you can opt-out of the Agreement to Arbitrate.

*Id.* at 9. Tieszen did not submit an Opt-Out Notice to eBay and his eBay accounts remain open and active. Docket 19 ¶ 20. Tieszen purchased items from sellers on eBay in 2013, 2014, 2015, and 2016. *Id.* ¶ 22.

3

eBay's User Agreement has been amended several times since 2012. *Id.* ¶ 21. The agreement to arbitrate claims portion of the User Agreement has remained materially unchanged since the 2012 User Agreement. *Id.* The 2016 User Agreement contained essentially the same agreement to arbitrate as the 2012 User Agreement, including the Utah choice of law provision. *See* Docket 19-5 at 7-10. But the 2016 User Agreement expanded upon the scope of the arbitration agreement, providing:

> **You and eBay each agree that any and all disputes or claims that have arisen, or may arise, between you and eBay relating in any way to or arising out of this or previous versions of the User Agreement, your use of or access to eBay's Services, or any products or services sold, offered, or purchased through eBay's Services shall be resolved exclusively through final and binding arbitration, rather than in court**.

*Id.* at 8. The 2016 User Agreement also contains a similar opt-out procedure for new users, but the procedure is not available to current users because they would have had to opt-out under previous versions of the User Agreement. *See id.* at 9. The 2016 User Agreement went into effect for existing users on September 29, 2016. *Id.* at 1.

On or around November 6, 2016, Tieszen purchased two LG lithium-ion 18650 batteries on eBay. Docket 1-1 ¶ 11. The batteries were purchased from Vapah, a third-party seller on eBay. *Id.* ¶ 2. On December 14, 2017, the batteries allegedly burst into flames in Tieszen's pocket, causing first and second-degree burns to Tieszen's right thigh. *Id.* ¶¶ 12, 15. Tieszen asserts claims of product liability, strict liability, negligence, and breach of various warranties against all defendants. *See id.*

eBay argues that it is entitled to an order (1) compelling Tieszen to arbitrate his claims against eBay under the arbitration agreement, (2) staying Tieszen's claims against eBay pending arbitration, and (3) staying eBay's deadline to respond to Tieszen's complaint and any other discovery deadline pending the resolution of eBay's motion. Docket 17. Tieszen contends that he should not be compelled to arbitrate his claims against eBay because the User Agreement and its included arbitration agreement is unenforceable. Docket 27 at 2. Thus, the court will address whether the User Agreement and its arbitration agreement is enforceable and whether it encompasses Tieszen's claims.

## DISCUSSION

Congress enacted the Federal Arbitration Act (FAA) "to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219-20 (1985). Under the FAA, a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2. The FAA provides two mechanisms for enforcing an agreement to arbitrate: (1) a stay of judicial proceedings where an issue may be referred to arbitration under § 3; and (2) an order compelling arbitration where one party refuses to adhere to an arbitration agreement under § 4. 9 U.S.C. §§ 3-4.

When a contract is within the scope of the FAA, courts engage in a two-part inquiry to determine whether to stay the case and compel arbitration. *See*

5

*Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004). The first inquiry is whether a valid arbitration agreement exists. *Id.* The second inquiry is "whether the particular dispute falls within the terms of that agreement." *Id.* (citations omitted). These two issues are for the court to decide "[u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (alteration in original) (quoting *AT & T Tech., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). If an issue of fact remains as to the making of the arbitration agreement, then a trial on the issue of arbitrability is necessary. *Erickson v. Thrivent Ins. Agency, Inc.*, 231 F. Supp. 3d 324, 328 (D.S.D. 2017). "When the parties agreed to arbitrate and the particular dispute falls within the agreement, the FAA allows courts to stay the case and compel arbitration." *Id.*

Here, the FAA applies to the User Agreement between Tieszen and eBay. The User Agreement, including the arbitration agreement, was in writing. *See* Dockets 19-2, 19-4, 19-5. Tieszen's purchase of LG 18650 lithium-ion batteries from Vapah, a Georgia corporation with its principal place of business in Georgia, on eBay meets the FAA's interstate commerce requirement. *See* Docket 1-1 ¶¶ 2, 4. Neither of the parties allege that the court cannot decide the issue of arbitrability in this case, and nothing in the contract clearly and unmistakably provides otherwise. Thus, the first issue for the court to decide is whether a valid arbitration agreement exists between Tieszen and eBay.

I.     **Validity of Arbitration Agreement**

     A.     **Choice of Law Provision**

As a threshold matter, the parties disagree on which state's law should apply. eBay argues that Utah law should govern under the User Agreement's choice of law provision. Docket 18 at 9; Docket 28 at 2-3. Conversely, Tieszen contends that South Dakota law should apply because the entire User Agreement is both procedurally and substantively unconscionable. Docket 27 at 3-5. Thus, the court will address which state's law applies and whether the User Agreement—and, by extension, the arbitration agreement—is unconscionable.

Under the FAA, state contract law governs whether a valid arbitration agreement exists between Tieszen and eBay. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Because this court is sitting in diversity jurisdiction, it applies South Dakota's choice of law rules to determine which state's laws govern the issue of whether the arbitration agreement is valid. *Erickson*, 231 F. Supp. 3d at 329.

Under South Dakota law, choice of law provisions within a contract are generally permitted. *Dunes Hosp., L.L.C. v. Country Kitchen Int'l, Inc.*, 623 N.W.2d 484, 488 (S.D. 2001). But choice of law provisions are subject to limitation and may be invalidated by overriding public policy of South Dakota. *Id.* "South Dakota applies the provisions of the Restatement (Second) of

Conflicts of Laws in order to resolve questions about which state's laws govern in particular factual situations." *Id.* (quoting *Stockmen's Livestock Exch. v. Thompson*, 520 N.W.2d 255, 257 (S.D. 1994) (additional citation omitted)). Comment b to § 187 of the Restatement (Second) of Conflict of Laws notes that a choice of law provision "will not be given effect if the consent of one of the parties to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake."

Tieszen argues that the User Agreement and its associated choice of law provision should not be given effect because Tieszen's consent was obtained by improper means. Docket 27 at 5. Specifically, Tieszen claims that he "was not provided an opportunity to negotiate the agreement[] and entered into the agreement with wholly unequal bargaining power. The User Agreement therefore amounts to an unconscionable contract of adhesion." *Id.*

The comments to the Restatement (Second) of Conflict of Laws note that the court "may consider . . . whether the choice-of-law provision is contained in an 'adhesion' contract, namely one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." Restatement (Second) of Conflict of Laws § 187 cmt. b. But the same comment notes that such contracts and associated choice of law provisions are usually upheld. *Id.* "Nevertheless, the forum will scrutinize such contracts with care and will refuse to apply any choice-of-law provision they may contain if to do so would result in substantial injustice to the adherent." *Id.*

8

Here, Tieszen fails to demonstrate how enforcement of the User Agreement's choice of law provision favoring Utah law is against South Dakota public policy or how it would result in substantial injustice to Tieszen. Utah law, like South Dakota, recognizes unconscionability as a defense to invalidate a contract. *See Res. Mgmt. Co. v. Weston Ranch & Livestock Co., Inc.*, 706 P.2d 1028, 1040-43 (Utah 1985); *Bekins Bar V Ranch v. Huth*, 664 P.2d 455, 459, 461 (Utah 1983). Because Utah law and South Dakota law both recognize unconscionability as a defense to invalidate a contract, it does not violate South Dakota public policy to apply Utah law. Thus, the court finds that Utah law governs the interpretation of the User Agreement.

### B.    Unconscionability

Tieszen contends that the entire User Agreement is an unconscionable contract of adhesion and cannot be enforced. Docket 27 at 5. eBay argues that the User Agreement is valid and enforceable against Tieszen. Docket 28 at 4. The court must determine whether the User Agreement is unconscionable and unenforceable under Utah law.

As previously mentioned, Utah law recognizes unconscionability as a defense to the enforcement of contracts. *Bekins*, 664 P.2d at 461. Unconscionability is analyzed under two prongs: (1) procedural unconscionability and (2) substantive unconscionability. *Res. Mgmt. Co.*, 706 P.2d at 1041. " 'Procedural unconscionability' focuses on the manner in which the contract was negotiated and the circumstances of the parties." *Id.* Procedural unconscionability is often characterized as the "absence of

9

meaningful choice." *Id.* at 1042 (quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)). Various factors that courts consider when analyzing procedural unconscionability are: (1) the use of boilerplate or printed form contracts drawn by the party in the stronger economic position; (2) whether the contract includes language that is incomprehensible to a layperson; (3) whether key provisions are hidden in fine print; (4) a lack of meaningful opportunity to bargain or negotiate the contract; (5) whether the complaining party was compelled to accept the contract; and (6) whether the contract takes advantage of the "underprivileged, unsophisticated, uneducated and illiterate." *Id.* (citations omitted); *Bekins*, 664 P.2d at 461-62.

Substantive unconscionability focuses on whether the terms of the contract are "so one-sided as to oppress or unfairly surprise an innocent party," or whether there is "an overall imbalance in the obligations and rights imposed by the bargain." *Res. Mgmt. Co.*, 706 P.2d at 1042 (quoting *Bekins*, 664 P.2d at 462). In order to find a contract unconscionable, the existence of substantive unconscionability must be either dominant or exclusive. *See id.* at 1043 (noting that where unconscionability has been found to exist, the existence of substantive unconscionability is either the dominant or exclusive issue). "Where only procedural irregularities are involved, the judicial doctrines of fraud, misrepresentation, duress, and mistake may provide superior tools for analyzing the validity of contracts." *Id.*

Tieszen contends that the User Agreement is both procedurally and substantively unconscionable. Docket 27 at 6. Tieszen first argues that the

User Agreement is procedurally unconscionable because the relative bargaining power of the parties weighed heavily in favor of eBay. *Id.* While *Resource Management Co.* and *Bekins* do not specifically mention relative bargaining power as a factor to consider, they do contemplate whether the contract was drawn by the party in the stronger economic position. *Res. Mgmt. Co.*, 706 P.2d at 1042; *Bekins*, 664 P.2d at 462. Here, eBay was the drafting party and was clearly in a stronger economic position than Tieszen. eBay does business nationwide while Tieszen is a sole consumer of goods. The court finds that this factor weighs in favor of Tieszen.

Tieszen next argues that he lacked a meaningful choice when it came to accepting eBay's User Agreement. Docket 27 at 6-7. This argument implicates the fourth factor mentioned above. eBay admits that acceptance of the User Agreement is mandatory in order to create and use an eBay account. Docket 19 ¶ 12. Nothing in the record indicates that Tieszen had the opportunity to negotiate with eBay regarding the User Agreement. But Tieszen did have the opportunity to opt out of the arbitration agreement, which is the provision pertinent to this motion. Docket 19-4 at 9. eBay provided a procedure for opting out of the arbitration agreement, which had to be exercised by November 9, 2012, for existing users like Tieszen. *Id.* Tieszen did not exercise the option to opt out of the arbitration agreement. Docket 19 ¶ 20. Thus, the court finds that Tieszen did have a meaningful choice when it came to accepting the arbitration agreement, and this factor weighs in favor of eBay.

11

Tieszen also alleges that the User Agreement is "rife with fine print and technical jargon that is beyond the scope of understanding of a lay consumer." Docket 27 at 7. Tieszen points specifically to the arbitration agreement listed in the 2016 User Agreement. *Id.* at 7-8; Docket 19-5 at 7-10. Tieszen argues that he

> would have no way of knowing . . . what an arbitration was, what 'final and binding' meant in the context of an arbitration, what type of 'claims' could possibly arise against eBay, the type of relief which could be associated with those claims, and what the [FAA] is and how it affects the user's rights.

Docket 27 at 8. But, under Utah law, "[o]ne party to a contract does not have a duty to ensure that the other has a complete and accurate understanding of all terms embodied in a written contract." *Res. Mgmt. Co.*, 706 P.2d at 1047. Rather, "[e]ach party has the burden to understand the terms of a contract before he affixes his signature to it and may not thereafter assert his ignorance as a defense." *Id.* In any event, the court finds that the arbitration agreement does not contain technical jargon that is incomprehensible to a layperson. The User Agreement clearly states that, upon acceptance, the user agrees to arbitrate "any and all disputes or claims that have arisen, or may arise, between you and eBay . . . ." Docket 19-5 at 8. There is also a provision in the arbitration agreement that explains exactly what arbitration is to users who may be unaware. Docket 19-4 at 8.

Nor is the arbitration agreement hidden in the fine print of the User Agreement. Instead, the "Legal Disputes" section features prominently in the User Agreement, is in bold print, and states in all caps to "PLEAE READ THIS

12

SECTION CAREFULLY. IT AFFECTS YOUR RIGHTS AND WILL HAVE A
SUBSTANTIAL IMPACT ON HOW CLAIMS YOU AND EBAY HAVE AGAINST
EACH OTHER ARE RESOLVED." Docket 19-5. at 7. The court finds that the
arbitration agreement is not incomprehensible to a layperson and it is not
hidden in the fine print of the User Agreement. After considering all the factors,
the court finds that the User Agreement and its associated arbitration
agreement is not procedurally unconscionable.

Tieszen next argues that the User Agreement is substantively
unconscionable. Docket 27 at 9. He alleges that the mandatory nature of the
User Agreement, the User Agreement's amendment procedure, the arbitration
agreement, and the choice of law provision render the User Agreement
unenforceable. *Id.* at 9-10. Here, Tieszen fails to demonstrate that the terms of
the User Agreement are so one-sided as to make the User Agreement
substantively unconscionable. While it is true that acceptance of the User
Agreement was mandatory to use eBay, that alone does not make the User
Agreement substantively unconscionable. Additionally, the amendment
procedure was laid out clearly in the User Agreement and cannot be said to
have taken Tieszen by surprise. Docket 19-2 at 3. This is especially true given
the fact that the User Agreement was amended several times while Tieszen
remained an eBay user. Docket 19 ¶ 21. Likewise, the arbitration agreement is
not one sided. As mentioned, there was an opt-out provision that would have
favored Tieszen had he exercised his right to opt out. The User Agreement also
contains user-friendly features like cost free arbitration for claims under

13

$10,000, a small claims court option, and a provision that states that arbitration will take place in the county where the user resides. Docket 19-4 at 7-8. Finally, the choice of law provision does not render the User Agreement substantively unconscionable because, as discussed above, Utah provides for the same defense to contract enforcement as Tieszen would have raised under South Dakota law. Thus, the court finds that the User Agreement is not substantively unconscionable.

Utah law applies to the interpretation of eBay's User Agreement and its associated arbitration agreement. Under Utah law, the User Agreement and associated arbitration agreement is not procedurally or substantively unconscionable. Thus, the court finds that the arbitration agreement between Tieszen and eBay is valid and enforceable.

## II.    Scope of Arbitration Agreement

Federal substantive law governs whether a claim falls within the scope of an arbitration clause. *Donaldson Co. v. Burroughs Diesel, Inc.*, 581 F.3d 726, 731 (8th Cir. 2019). "Under federal law, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,' including 'construction of the contract language itself.' " *Erickson*, 231 F. Supp. 3d at 335 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). Here, the arbitration agreement in the User Agreement is expansive. It covers

> any and all disputes or claims that have arisen, or may arise, between you and eBay relating in any way to or arising out of this or previous versions of the User Agreement, your use of or access to

14

eBay's Services, or any products or services sold, offered, or purchased through eBay's services.

Docket 19-5 at 8. The Eighth Circuit has found that expansive arbitration provisions, like the one in this case, cover tort claims that relate to the parties' contractual relationship. *See PRM Energy Sys., Inc. v. Primenergy, LLC*, 592 F.3d 830, 837 (8th Cir. 2010) ("Arbitration may be compelled under a broad arbitration clause . . . as long as the underlying factual allegations simply touch matters covered by the arbitration provision." (cleaned up)). Tieszen's product liability, strict liability, negligence, and breach of various warranties claims relate to the User Agreement with eBay because they arise out of a product sold or purchased through eBay's services. Thus, Tieszen's claims fall within the scope of the User Agreement's arbitration agreement.

## CONCLUSION

The arbitration agreement contained in the User Agreement between Tieszen and eBay is valid and enforceable, and Tieszen's claims against eBay fall within the scope of the arbitration agreement.

Thus, it is ORDERED

1. eBay's motion to compel arbitration (Docket 17) is granted.

2. Tieszen's claims against eBay are stayed pending arbitration; and

3. eBay's deadline to respond to the complaint and any other discovery deadline is stayed pending arbitration.

DATED this 20th day of September, 2021.

BY THE COURT:

*/s/ Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE