UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| RYAN TIESZEN,<br><br>        Plaintiff,<br><br>  vs.<br><br>EBAY, INC., LG CHEM LTD., VAPAH, INC., and FIRST DOE THROUGH THIRTIETH DOE,<br><br>        Defendants. | 4:21-CV-04002-KES<br><br>ORDER DENYING MOTION TO RECONSIDER AND GRANTING MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL |

      Defendant, LG Chem Ltd. (LG Chem), moves the court under Federal Rule of Civil Procedure 60(b) to reconsider the court's September 10, 2021, order denying LG Chem's motion to dismiss for lack of personal jurisdiction. Docket 48. Alternatively, LG Chem moves for certification of the September 10, 2021, order and any order denying LG Chem's motion for reconsideration for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *Id.* Plaintiff, Ryan Tieszen, opposes both reconsideration and certification for interlocutory appeal. Docket 53. For the following reasons, the court denies LG Chem's motion to reconsider and grants LG Chem's motion for certification of interlocutory appeal.

I. **Motion to Reconsider**

      The federal rules do not provide for a motion for reconsideration. *Needham v. White Lab'ys, Inc.*, 454 U.S. 927, 930 n.1 (1981) (Rehnquist, J.,

dissenting). A party moving for reconsideration "leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Courts will scan the federal rules to recast the relief sought to conform to the rules. *See id.*

LG Chem moves for reconsideration under Federal Rule of Civil Procedure 60(b). Docket 51 at 2-4. Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order" based on at least one of six enumerated reasons. LG Chem did not identify a specific reason enumerated under the Rule. *See* Docket 51 at 2-4. The court construes the motion under Rule 60(b)(6)'s catch-all provision: "any other reason that justifies relief." In any event, whether under the catch-all provision or another reason enumerated in the Rule, "[a] district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.' " *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (quoting *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995)). The court has "wide discretion" in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

Here, the court reviewed its September 10, 2021, order, as well as the affidavit of Kiwon Choi and additional briefing on the issue of personal jurisdiction that accompanied the pending motion to reconsider. LG Chem renews essentially the same arguments that failed to persuade the court in its original motion to dismiss for lack of personal jurisdiction. *Compare* Docket 30 *with* Docket 51 at 2-4. Additionally, LG Chem submitted an affidavit of Kiwon

Choi, a Sales Professional for LG Energy Solution, Ltd., a wholly owned subsidiary of LG Chem. Docket 50. Choi asserts that "LG Chem did not sell or distribute any 18650 lithium-ion cells in South Dakota in the five years leading up to [Tieszen's] alleged injury on December 14, 2017." *Id.* ¶ 7. LG Chem did not submit any affidavits stating that it did not sell 18650 lithium-ion batteries in South Dakota prior to Tieszen's injury in its original motion to dismiss for lack of personal jurisdiction.[1] *See generally* Docket 31. LG Chem does not allege that the affidavit of Kiwon Choi was unavailable when it filed its prior motion to dismiss. The court declines to allow LG Chem a second bite at the apple on its motion to dismiss, and the court "find[s] no application of an erroneous view of the law or erroneous assessment of evidence by the district court," and LG Chem has not identified exceptional circumstances justifying reconsideration. *Richards*, 108 F.3d at 927. Thus, the court declines to reconsider the motion to dismiss both on the merits and on procedural

---

[1] The court granted LG Chem's co-defendant, LG Chem America, Inc.'s (LGCAI), motion to dismiss for lack of personal jurisdiction in large part because LGCAI included an affidavit of Hyunsoo Kim, which specifically denied that LGCAI it had ever sold 18650 lithium-ion batteries, and its work was limited to sales of petrochemical materials and products. Docket 16. Tieszen failed to rebut Kim's affidavit. The same attorney who prepared the affidavit in support of LGCAI's motion to dismiss also prepared the affidavit in support of LG Chem's motion to dismiss, but did not include a specific denial that it sold 18650 lithium-ion batteries in South Dakota. *See* Docket 31. The affidavit of Kiwon Choi now alleges that LG Chem never sold any 18650 lithium-ion batteries in South Dakota. Docket 50. But LG Chem fails to explain how this information was unavailable in its original motion to dismiss or whether any exceptional circumstances justify the court's consideration of this new evidence.

3

grounds. *See Symens v. Smithkline Beecham Corp.*, 19 F. Supp. 2d 1062, 1069-70 (D.S.D. 1997) *rev'd in part on other grounds*, 152 F.3d 1050 (8th Cir. 1998).

## II.  Motion for Certification of Interlocutory Appeal

LG Chem alternatively moves for certification of the court's order denying its motion to dismiss for lack of personal jurisdiction and order denying motion to reconsider for immediate interlocutory appeal under 28 U.S.C. § 1292(b).[2] Docket 48. To grant a motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b), "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (citation and internal quotations omitted). LG Chem, as the movant, bears the burden of demonstrating that the case is an exceptional one that warrants interlocutory appeal. *Id.* at 376. The Eighth Circuit has cautioned that motions for certification should be granted "sparingly." *Id.*

First, the court must consider whether the issue of personal jurisdiction involves a controlling question of law. Here, "personal jurisdiction issues are

---

[2] 28 U.S.C. § 1292(b), in pertinent part, provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing such order.

4

non-discretionary and thus present controlling questions of law." *ASI, Inc. v. Aquawood, LLC*, 2021 WL 396818, at *2 (D. Minn. Feb. 4, 2021) (citing *White*, 43 F.3d at 377). Indeed, the parties agree that the issue of personal jurisdiction involves a controlling question of law. Docket 53 at 6; Docket 54 at 2. Thus, the first prong under 28 U.S.C. § 1292(b) is satisfied.

The parties disagree as to the second prong—whether there is a substantial ground for difference of opinion on the issue. "[I]dentification of a sufficient number of conflicting and contradictory opinions . . . provide[s] substantial ground for disagreement." *White*, 43 F.3d at 378 (internal quotation omitted). Here, LG Chem cited to a plethora of contradictory cases—both state and federal—on similar issues of personal jurisdiction involving LG Chem as a defendant. *See* Docket 51 at 5-6; Docket 54 at 2-3. "Additionally, courts may certify an interlocutory appeal where the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions, or if the question is one of first impression." *ASI, Inc.*, 2021 WL 396818, at *2 (internal quotation omitted). The court's determination that LG Chem was subject to personal jurisdiction in South Dakota was based primarily on the United States Supreme Court's decision in *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017 (2021). *Ford* was decided on March 25, 2021, and there is limited precedent in the Eighth Circuit interpreting its holding. The court finds that the issue presented in this case is one not substantially guided by previous

5

decisions, and thus, is one where there is a substantial ground for difference of opinion.

Finally, the court must determine whether certification will materially advance the ultimate termination of the litigation. "The requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." Charles Alan Wright & Arthur R. Miller, 16 Federal Practice and Procedure § 3930 (3d ed). Here, certification will materially advance the ultimate termination of the litigation because, if the Eighth Circuit disagrees with this court on the issue of personal jurisdiction as it relates to LG Chem, LG Chem will be dismissed as a defendant and the case will be greatly simplified. Thus, the court finds that LG Chem has carried its burden to demonstrate that this is an exceptional case warranting certification for interlocutory appeal. Thus, it is

ORDERED that LG Chem's motion to reconsider (Docket 48) is denied.

IT IS FURTHER ORDERED that LG Chem's alternative motion for certification of interlocutory appeal (Docket 48) is granted.

Dated January 6, 2022.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE